# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINONA WEATHERS,<br><br>Plaintiff,<br><br>v.<br><br>M. HAGEMEISTER-MAY, et al.,<br><br>Defendant. | Case No. 1:13-cv-01932-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS**<br><br>**(ECF Nos. 11, 13, 14)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint was dismissed for failure to state a claim. The First Amended Complaint has not been screened.

Before the Court are Plaintiff's motions to (1) subpoena medical files from the Central California Women's Facility ("CCWF"), (2) postpone decision on the amended petition (sic) which the Court construes as a request to stay screening, and (3) subpoena Dr. Chaudry, attending physician at CCWF.

**I.    MOTIONS FOR DISCOVERY SUBPOENAS**

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena

1

commanding the production of documents and information from a nonparty, Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45, relevant to her claim. Fed. R. Civ. P. 26(b).

However, the Court will consider granting such a request only after discovery has opened and upon a showing the documents or information sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a discovery request. Fed. R. Civ. P. 30-36. If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents or information are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena of a nonparty. Alternatively, if the Court rules that the documents and information are not discoverable, the inquiry ends.

The Court will not issue a subpoena for a nonparty individual without Plaintiff first following the procedure outlined above.

Here the subpoena requests are premature. This matter is in the screening phase. No cognizable claim has been stated. Defendants have not been served. The Court has not issued an order allowing discovery to begin. It is not clear that the documents and information sought are not available to Plaintiff if she makes a proper institutional request.

The Court will deny the motions for discovery subpoenas but will do so without prejudice. Plaintiff may renew her motions, if necessary, at the appropriate time and if appropriate grounds exist.

## II.    MOTION TO STAY SCREENING

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997), citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "The proponent of the stay bears the burden of establishing its need." *Id.* at 706. The Court considers the following factors when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected

to result from a stay. *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972), quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

      Plaintiff fails to demonstrate the need for and entitlement to a stay of screening pending discovery. Her discovery motions are premature for reasons stated. She does not provide any legal or factual reason why the screening process can not and should not move forward. See *Young v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (strength of justification for stay should balance length of any stay granted).

      Additionally, staying this action would create a risk of prejudice to the Defendants. "[D]elay inherently increases the risk that witnesses' memories will fade and evidence will become stale". *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999); see *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976) (a presumption of injury arises from delay in resolving an action). Delay also disrupts the Court's schedules.

**III.   ORDER**

      Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motions for discovery subpoenas (ECF Nos. 11, 14) are DENIED without prejudice, and
2. Plaintiff motion to stay screening (ECF No. 13) is DENIED.

IT IS SO ORDERED.

Dated:   May 5, 2014                                   /s/ *Michael J. Seng*
                                                         UNITED STATES MAGISTRATE JUDGE